UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

MIGUELINA PEGUERO-MORONTA, et al.,

    Plaintiffs,

v.

CARLOS GABRIEL-SANTIAGO, et al.,

    Defendants.

Civil No. 01-1390 (JAF)

**OPINION AND ORDER**

Plaintiffs, as prevailing parties under 42 U.S.C. § 1983, move for attorney's fees under § 1988 and for costs under Federal Rule of Civil Procedure 54(d). (Docket No. 244.) They also move to reduce that fee request, responding to this court's finding in Diffenderfer v. Gómez-Colón, 606 F. Supp. 2d 222, 229 (D.P.R. 2009), aff'd, 587 F.3d 445, 455-56 (1st Cir. 2009), that billing a quarter hour for completing a menial task is an unreasonable billing practice. (Docket No. 254.) Defendants oppose neither motion.

**I.**

**Standard of Review**

In order to award attorney's fees under 42 U.S.C. § 1988, or costs under Federal Rule of Civil Procedure 54(d), a court first must determine that the requesting party is "prevailing." A party is found "prevailing" where it "succeeded on an important issue in the case, thereby

1   gaining at least some of the benefit he sought in bringing suit." See Gay Officers Action
2   League v. Puerto Rico, 247 F.3d 288, 293 (1st Cir. 2001) (citing Hensley v. Eckerhart, 461 U.S.
3   424, 433 (1983)). Status as a prevailing party may be denied where the party's success was
4   "purely technical or de minimis." Id. at 294 (quoting Tex. State Teachers Ass'n v. Garland
5   Indep. Sch. Dist., 489 U.S. 782, 792 (1989)).

6   Next, the court must determine that the requested fees are "reasonable." § 1988. It must
7   do so even where no one opposes the requested award. Wojkowski v. Cade, 725 F.2d 127, 130
8   (1st Cir. 1984). Fees are presumptively reasonable where the requesting party has multiplied
9   a reasonable hourly rate by the number of hours reasonably spent on litigation. See Gay
10  Officers Action League, 247 F.3d at 295 (citing Hensley, 461 U.S. at 433). A reasonable hourly
11  rate is the rate prevailing in the relevant community, "taking into account the qualifications,
12  experience, and specialized competence of the attorneys involved." Id. at 295. And the logged
13  hours are reasonably spent on litigation unless "duplicative, unproductive, or excessive." Id.

14  Finally, the court must determine that the requested costs fall into the categories
15  enumerated at 28 U.S.C. § 1920. In re Two Appeals Arising Out of San Juan Dupont Plaza
16  Hotel Fire Litig., 994 F.2d 956, 962-63 (1st Cir. 1993). Some commonly claimed expenses are
17  properly denied as costs, when outside the § 1920 categories, but properly awarded as out-of-
18  pocket expenses subsumed under statutorily allowed "attorney's fees." See, e.g., Attrezzi, LLC
19  v. Maytag Corp., 436 F.3d 32, 43 (1st Cir. 2006) (citing Palmigiano v. Garrahy, 707 F.2d 636,
20  637 (1st Cir. 1983)).

Civil No. 01-1390 (JAF) -3-

## II.

## Analysis

### A. Prevailing Parties

In April 2001, Plaintiffs sued Defendants, Carlos Gabriel-Santiago, in his personal and official capacities, and Susana Hernández, in her personal capacity, under 42 U.S.C. § 1983, for violating their First Amendment rights when Defendants fired them on the basis of their political affiliation. (Docket No. 244 at 5.) Plaintiffs suffered their only loss when this court dismissed their claim against Gabriel-Santiago in his official capacity, on sovereign immunity grounds. (See id. at 5-6.) On all other claims, Plaintiffs were ultimately successful; a jury awarded them compensatory and punitive damages and this court awarded them the equitable remedy of reinstatement. (Id.) We, therefore, find Plaintiffs "prevailing," see Gay Officers Action League, 247 F.3d at 293, and, thus, eligible to collect attorney's fees under § 1988 and costs under Federal Rule of Civil Procedure 54(d).

### B. Attorney's Fees

#### 1. Hourly Rates

Plaintiffs submit a time sheet documenting the work of seven attorneys. (Docket No. 244-2.) Each attorney bills one rate for in-court time and another for out-of-court time.[1]

---

[1] Plaintiffs' attorneys request the following rates; the first number for each represents dollars charged per hour for in-court time, and the second represents dollars per hour for out-of-court time: Eliezer Aldarondo-Ortiz 310/285; Pablo Landrau-Pirazzi 310/285; Claudio Aliff-Ortiz 230/210; Iván Castro-Ortiz 210/190; Michael Craig McCall 205/185; Sheila Torres-Delgado 160/140; Eliezer A. Aldarondo-López 150/130.

Civil No. 01-1390 (JAF)                                                                                            -4-

(Id. at 26-27.) To justify the rates charged, Plaintiffs submit a listing of cases in which the attorneys' firm has participated (Docket No. 244-3); each attorney's resumé (Docket Nos. 244-4 to -10); orders from this court awarding similar rates for these or similar attorneys in similar cases (Docket Nos. 244-11 to -13; -15; -16 at 25-33; -17); and similar fee requests granted by this court (Docket Nos. 244-14; -16 at 1-24).

Included among the Plaintiffs' submission of earlier awards of this court is a decision from April 2009 in which we awarded these same attorneys, except Pablo Landrau-Pirazzi, the same rate that they now claim for the case at hand. (See Docket No. 244-17.) We see no reason to distinguish between the rates awarded there and the rates currently requested. Further, Plaintiffs' submissions show that Landrau routinely is awarded rates equaling those of Eliezer Aldarondo-Ortiz. (See Docket Nos. 244-11 to -14.) We, thus, award the rates as requested, though we include an across-the-board reduction of four percent to account for the inflation of properly awarded rates during the 8.5 years spent on litigation in this case.[2]

    **2.**     **Hours Spent on Litigation**

Plaintiffs' time sheet lists each hour, or portion of an hour, logged by their attorneys on this case. (Docket No. 244-2.) Every attorney, except Landrau, attests that the time documented in the time sheet was "necessarily incurred in this action and that the services for which fees have been charged were correctly and necessarily performed." (Id. at 27-28.)

---

[2] To calculate this rate reduction, we found the average rate properly charged over the past 8.5 years, using as a starting point the $280 per hour awarded Aldarondo-Ortiz in 2002 (see Docket No. 244-11) and as an ending point the $310 per hour awarded him herein. That average rate represents approximately a four-percent reduction from the rate currently awarded.

Civil No. 01-1390 (JAF)                                                                                                       -5-

Plaintiffs also submit a second time sheet; its entries replace those on the first time sheet for tasks deemed menial—all those for which a quarter hour originally was logged—and instead log a tenth hour for each. (See Docket No. 254.) In addition, Plaintiffs submit orders of this court analyzing the reasonableness of the hours logged by like attorneys in like cases. (See Docket Nos. 244-11 to -13; -15; -16 at 25-33; -17.)

We accept Plaintiffs' submission voluntarily categorizing as menial those tasks for which a quarter hour originally was billed, and we, accordingly, accept their reduction of the time logged for those tasks. Upon review of the first time sheet, we find that the attorneys in some instances logged excessive time in that the listed tasks clearly would not have taken the time logged to complete. (See, e.g., Docket No. 244-2 at 9 (billing half hour to read a line order and forty-five minutes to read a one-page order), 12 (billing half hour each to read a one-page order and a line order), 13 (billing half hour to read a line order), 15 (billing one hour to read two-and-a-half pages of text), 16 (billing one hour to read a two-page judgment).) Because the time sheet in this case spans 8.5 years of litigation, we exercise our discretion to reduce fees for this evident practice of over-billing across the board, instead of by individual time entry. See, e.g., Jacobs v. Mancuso, 825 F.2d 559, 562 (1st Cir. 1987) (refusing to require court to complete hour-by-hour analysis given a voluminous fee request); Diffenderfer, 606 F. Supp. 2d at 230-31 (finding percentage reduction appropriate given lengthy fee request). We, thus, reduce the requested attorney's fees by ten percent. We otherwise find the hours logged reasonable and accept the attorneys' attestation that they were necessarily spent on this litigation.

### 3. Calculation of Attorney's Fees

In accordance with the foregoing, we reduce Plaintiffs' original request for attorney's fees, $439,021.50 (Docket No. 244-2 at 27), by the amount of their voluntary reduction, $5,892.75 (Docket No. 254-2 at 5). We further reduce by fourteen percent, to account for rate inflation and excessive billing and, therefore, award $372,490.73 in attorney's fees.

## C. Costs and Out-of-Pocket Expenses

Plaintiffs submit a listing of expenses they incurred in this case, and Aldarondo-Ortiz attests that each expense was actually and "necessarily incurred in this action." (Docket No. 244-19.) Plaintiffs also submit receipts, invoices, and credit-card statements—for the most part marked with this case name or number—which together show that Plaintiffs actually incurred each listed expense. (Docket No. 244-18.)

Plaintiffs claim as costs $405 in filing fees; $100 in service of summons; $840.24 in photocopies; $4,091.97 in transcriptions of depositions and trial testimony; and $2,815.25 in translation and interpreter services. (Docket No. 244-19.) If they were necessarily incurred in this matter, we may properly award these as costs. See § 1920; see also Riofrío Anda v. Ralston Purina Co., 772 F. Supp. 46, 55 (D.P.R. 1991) (explaining court's extension of § 1920(1) to allow recovery of cost of private process server). Plaintiffs further claim $164.67 in messenger services; $427.13 in postage; and $4,502.65 in attorneys' travel and accommodations. (Docket No. 244-19.) If they were necessarily incurred in this matter, we may properly award these as out-of-pocket expenses. See, e.g., Palmigiano, 707 F.2d at 637 (rejecting argument that attorney

Civil No. 01-1390                                                                                                          -7-

travel and accommodation expenses are not recoverable as attorney's fees under § 1988); <u>Zayas v. Puerto Rico</u>, 451 F. Supp. 2d 310, 319 (D.P.R. 2006) (categorizing messenger services and postage as out-of-pocket expenses).

We deem the documentation submitted adequate to show that these expenses were necessarily and actually incurred in this matter. We, thus, find Plaintiffs entitled to recover these as costs under Rule 54(d) and as out-of-pocket expenses allowed as attorney's fees under § 1988, and we award same as requested, in the amount of $13,346.91 (Docket No. 244-19).

## IV.

### Conclusion

We hereby **GRANT IN PART** Plaintiffs' motion for attorney's fees (Docket No. 244) and **GRANT** Plaintiffs' motion for voluntary reduction (Docket No. 254). We award Plaintiffs $372,490.73 in attorney's fees and $13,346.91 in costs and out-of-pocket expenses, for a total of $385,837.64. We note and find **MOOT** Plaintiffs' motions requesting remedy (Docket Nos. 253; 255).

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 8th day of April, 2010.

s/José Antonio Fusté
JOSE ANTONIO FUSTE
Chief U.S. District Judge